UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

GRADY VERNARD HUDSON,

            Petitioner,            Case No. 1:15-cv-257

v.                                     Honorable Gordon J. Quist

SHIRLEE HARRY,

            Respondent.
_____/

## REPORT AND RECOMMENDATION

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.   Factual Allegations

Petitioner Grady Vernard Hudson presently is incarcerated at the Pugsley Correctional Facility. On January 5, 2009, Petitioner pleaded guilty to one count of first-degree home invasion, MICH. COMP. LAWS § 750.110a(2), and no contest to one count of assault with intent to do great bodily harm less than murder, MICH. COMP. LAWS § 750.84, and to being a fourth felony offender, MICH. COMP. LAWS § 769.12. Plaintiff contends that his plea was entered pursuant to a *Cobbs*[1] agreement providing for concurrent prison terms of 10 to 40 years. On January 27, 2009, in accordance with the *Cobbs* agreement, the Oakland County Circuit Court sentenced him to concurrent terms of 10 to 40 years' imprisonment on the offenses. On September 8, 2009, a second sentencing hearing was held, following discovery of an error in the calculation of the sentencing guidelines that resulted in a lower minimum sentence. Petitioner argued that, since the original *Cobbs* agreement was based on inaccurate information, the new lower guidelines should be applied to the new sentence or he should be allowed to withdraw his plea. Following the second sentencing hearing, the court again sentenced Petitioner to 10 to 40 years' imprisonment.

Petitioner was assigned counsel on appeal, who ultimately failed to perfect the appeal within the statutory period. On June 6, 2011, after Petitioner complained to the Michigan Appellate Assigned Counsel System, the trial court ordered appointment of a new attorney. On August 24, 2011, newly appointed counsel filed an appeal raising a single claim:

> WHETHER DEFENDANT IS ENTITLED TO WITHDRAW HIS PLEA WHERE THE INFORMATION RELIED UPON [BY] THE TRIAL COURT IN DETERMINING A SENTENCING (COBBS) EVALUATION WAS INACCURATE.

---

[1]*People v. Cobbs*, 505 N.W.2d 208 (Mich. 1993).

(Pet., docket #1, Page ID#2.)  The court of appeals denied leave to Appeal on October 14, 2011. Petitioner sought leave to appeal to the Michigan Supreme Court, raising the claim presented to the Michigan Court of Appeals and a new claim:

> PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL, WHERE HIS ATTORNEY FAILED TO GIVE PROPER ADVICE AND COERCED HIS CLIENT TO PLEAD GUILTY ON INACCURATE INFORMATION, IN VIOLATION OF MR. HUDSON'S RIGHT TO DUE PROCESS OF LAW AND THE EFFECTIVE ASSISTANCE OF COUNSEL. U.S. CONST. AMENDS. V, VI, XIV[.]

(Pet., docket #1, Page ID#3.)  Petitioner filed a motion to add the second issue and a motion to remand for consideration of that issue.  On March 5, 2012, the supreme court granted Petitioner's motion to add an additional issue but denied the motion to remand.  The court denied leave to appeal because it was not persuaded that the questions presented should be reviewed by the court.

Petitioner filed a habeas petition in this Court on July 2, 2012, raising both issues presented to the Michigan Supreme Court.  In an opinion, order and judgment issued on July 31, 2012, the Court dismissed the petition for lack of exhaustion, because Petitioner had presented his second habeas ground for the first time in the Michigan Supreme Court.  *See Hudson v. Palmer*, No. 1:12-cv-698 (W.D. Mich. July 31, 2012) (docket ##5, 6, 7).

Petitioner filed a motion for relief from judgment in the in the Oakland County Circuit Court on May 20, 2013, apparently raising his previously unexhausted issue.  The motion was denied on January 6, 2014.  Petitioner sought leave to appeal to both the Michigan Court of Appeals and the Michigan Supreme Court.  Those courts denied leave to appeal on May 30, 2014 and February 3, 2015, respectively.

Petitioner filed the instant habeas application on or about March 9, 2015.[2]

II.     Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82

---

[2]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on March 9, 2015, and it was received by the Court on March 12, 2015. Thus, it must have been handed to prison officials for mailing at some time between March 9 and March 12, 2015. For purposes of this Report and Recommendation, I have given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

(2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to Petitioner's habeas application, Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on March 5, 2012. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on June 4, 2012.

Petitioner had one year from June 4, 2012, or until June 4, 2013, in which to file his habeas application. Petitioner filed on March 9, 2015. Obviously, he filed more than one year after the time for direct review expired. Thus, absent tolling his application is time-barred.

As previously discussed, a properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending. *See* 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United Stated Supreme Court. *Id.* at 332.

Petitioner filed his motion for relief from judgment on May 20, 2013, tolling the statute of limitations with 15 days remaining. The statute remained tolled until February 3, 2015, when the Michigan Supreme Court denied leave to appeal. *Id.* The remaining 15 days expired on February 18, 2015, 19 days before Petitioner filed his present habeas application.

Moreover, Petitioner's statute of limitations was not tolled during the time his prior habeas petition was pending. The Supreme Court long has held that the tolling provision of § 2244(d)(2) applies only to the period in which a state – not a federal – post-conviction proceeding is pending. *See Duncan*, 533 U.S. at 181-82.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or to allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was

proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Moreover, in its opinion dismissing Petitioner's first habeas petition, the Court fully discussed the statute of limitations as it applied to Petitioner's case. Petitioner therefore was on notice of the necessity for prompt action in the state courts, yet he waited nearly nine months from the time his habeas petition was dismissed before filing his motion for relief from judgment in the Oakland County Circuit Court. Petitioner therefore has not demonstrated the requisite diligence and is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, neither claims actual innocence nor offers evidence that makes it more likely than not that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329. Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated: May 22, 2015                                    /s/ Hugh W. Brenneman, Jr.
                                                      HUGH W. BRENNEMAN, JR.
                                                      United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).