UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

GRADY VERNARD HUDSON,

      Petitioner,

v.                                        Case No. 1:15-CV-257

SHIRLEE HARRY,                      HON. GORDON J. QUIST

      Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

On May 22, 2015, Magistrate Judge Brenneman issued a Report and Recommendation (R & R) recommending that the Court deny Petitioner's petition for writ of habeas corpus because it is barred by the one-year statute of limitations set forth in 28 U.S.C. § 2254(d)(1)(A). The magistrate judge concluded that the one-year limitations period, including periods of tolling, expired on February 18, 2015, and because Petitioner did not file his habeas petition until March 9, 2015, (R & R at 4, n.2), his petition was untimely. (*Id.* at 6.) The magistrate judge also concluded that Petitioner is not entitled to equitable tolling because he alleged no facts or circumstances in his petition that would warrant equitable tolling. (*Id.* at 6–7.)

On June 12, 2015, the Court granted Petitioner's motion for enlargement of time, and gave Petitioner until July 8, 2015 to file an objection to the R & R. In accordance with the June 12, 2015 Order, Petitioner has filed timely Objections.

After conducting a *de novo* review of the R & R and Petitioner's Objections, the Court concludes that the R & R should be adopted.

Petitioner first asserts that the magistrate judge erred in failing to consider the merits of the grounds he raised in his petition. This argument fails because in considering whether Petitioner timely filed his habeas petition, the magistrate judge was not required to address the merits of

Petitioner's claims. In other words, the statute of limitations is an independent ground for disposing of a habeas petition.

Petitioner also contends that he is entitled to equitable tolling because he diligently pursued his habeas petition, even though he filed it 19 days after the statute of limitations expired. Petitioner's primary argument is that the Court should apply equitable tolling because Petitioner is untrained in the law and required assistance in filing his motion for relief from judgment in state court.

Pursuant to the doctrine of equitable tolling, a court may excuse late-filed habeas claims in appropriate circumstances. *McCray v. Vasbinder*, 499 F.3d 568, 571 (6th Cir. 2007) (citing *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005)). Equitable tolling is "available only in compelling circumstances which justify a departure from established procedures." *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1488 (6th Cir. 1989). The doctrine is "used sparingly by federal courts. 'Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control.'" *Jurado v. Burt*, 337 F.2d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–61 (6th Cir. 2000)) (citations omitted). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814 (2005)).

Here, Petitioner contends that he diligently pursued his rights by presenting his claims to the state court. He argues that he is entitled to equitable tolling because he was untrained in the law. The Sixth Circuit has held, however, that ignorance of the law alone does not warrant equitable tolling. *See Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005); *Allen v. Yukins*, 366 F.3d 396, 403

(6th Cir. 2004). In short, Petitioner has not shown that extraordinary circumstances beyond his control precluded him from filing a timely habeas petition.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued May 22, 2015 (dkt. # 12) is **APPROVED AND ADOPTED** as the Opinion of this Court. Petitioner's Objections (dkt. # 19) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED** because it is barred by the one-year statute of limitations.

This case is **concluded**.

Dated: July 30, 2015              /s/ Gordon J. Quist
                                  GORDON J. QUIST
                                  UNITED STATES DISTRICT JUDGE